UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMETRIOUS NETTLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-793-DDN |
| ) | |
| MATTHEW WALTZ, et al., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Demetrious Nettles for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee and will be granted leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). Furthermore, for the reasons set forth below, the Court will dismiss plaintiff's complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under 42 U.S.C. § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a non-prisoner pro se filer. His complaint names public defender Matthew Waltz, prosecuting attorney Steve Capizzi, and Judge Dawn Allen as defendants. His statement of claim consists of a single sentence, only part of which is legible: "Federal obstruction of justice no [indecipherable] [indecipherable]." (Docket No. 1 at 5). Nothing else is contained within his statement of claim. As for the basis of jurisdiction, plaintiff cites to the First Amendment right to have freedom of religion, speech, and expression, and to be free from religious persecution. (Docket No. 1 at 4). He also lists the Fourth Amendment, the Sixth

2

Amendment, the Ninth Amendment, the Fourteenth Amendment, and the right to bear arms as the sources of the constitutional issues present in this case. For relief, plaintiff seeks: "Annullments [sic]. Settlements." (Docket No. 1 at 5). He also indicates in his complaint that he is claiming actual and punitive damages; however, he does not provide the amount that he is seeking. (Docket No. 1 at 6).

## Discussion

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to show that (1) the defendant acted under color of state law, and (2) that the allegedly wrongful conduct deprived him or her of a constitutionally protected federal right. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Under 28 U.S.C. § 1915(e), a Court must *sua sponte* dismiss an indigent plaintiff's complaint or any portion thereof which (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). For the reasons discussed below, plaintiff's complaint is frivolous as to all three defendants in that he fails to state any viable legal claims. Accordingly, the complaint must be dismissed without prejudice.

### A. Defendant Waltz

In his complaint, plaintiff states that defendant Waltz is a public defender in St. Louis, Missouri. Typically, public defenders do not act under color of state law for § 1983 purposes

3

when they are performing their duties as defense counsel. *See Polk Cty. v. Dodson,*, 454 U.S. 312, 325 (1981) (concluding that a public defender did not act under color of state law in exercising her "independent professional judgment in a criminal proceeding"); *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) (stating that "[p]ublic defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel"). Here, it is uncertain whether Waltz was acting as defense counsel in a criminal proceeding because plaintiff has not provided any allegations against Waltz whatsoever. Waltz is listed as a defendant but is not mentioned in the statement of claim. Plaintiff makes a general statement that federal obstruction of justice occurred, but provides no factual allegations to support or explain this claim, and certainly none that implicate Waltz. Accordingly, plaintiff's claim against Waltz must be dismissed as frivolous.

### B. Defendant Capizzi

In his complaint, plaintiff states that defendant Capizzi is a prosecuting attorney in the St. Louis Circuit Attorney's Office, located in the Carnahan Courthouse. Generally, prosecutors are immune from § 1983 actions so long as the actions complained of appear to be within the scope of their prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982); *see also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id.* On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id.* As with defendant Waltz, it is uncertain whether Capizzi was acting within his scope as a prosecutor because plaintiff does not provide any facts about what Capizzi did to

4

violate plaintiff's constitutional rights. Other than naming Capizzi as a defendant, plaintiff does not implicate him in any constitutional violations. Plaintiff states that federal obstruction occurred, but he does not explain what that means, and he certainly does not allege that Capizzi played any role in it. Accordingly, plaintiff's claim against Capizzi is frivolous and must be dismissed.

### C. Defendant Allen

In his complaint, plaintiff claims that defendant Allen is a judge at the Carnahan Courthouse in St. Louis. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). This is true even if a plaintiff alleges bad faith or malice. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018). As with Waltz and Capizzi, it is unclear in what capacity Allen was acting. However, this is because plaintiff has failed to make any factual allegations asserting that Allen took any actions at all, much less ones that violated plaintiff's constitutional rights. Aside from naming Allen as defendant, Allen is not mentioned in plaintiff's complaint. As with Waltz and Capizzi, Allen is not included in plaintiff's statement of claim, which states only that an incident of federal obstruction of justice occurred. Plaintiff does not allege what this incident entailed, how it affected him, and who he believes is responsible. Accordingly, plaintiff's claim against Allen is frivolous and must be dismissed.

### D. Plaintiff's Motion to Appoint Counsel

Plaintiff has filed a motion for the appointment of counsel. (Docket No. 3). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). *See also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) ("In civil cases, there is no constitutional or statutory right to appointed

5

counsel...Rather a court may request an attorney to represent any person unable to afford counsel"). Plaintiff's motion will be denied as moot, given the fact that plaintiff's claims are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** as legally frivolous. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** as moot.

Dated this 17th day of July, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE